IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JANA DICKISON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 04-3469-CV-S-ODS ) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's request for review of the Commissioner of Social Security's final decision denying her application for Title II benefits. The Commissioner's decision is affirmed.

### I. BACKGROUND

Plaintiff was born in October 1979, has obtained her GED, and has prior work experience as a fast food worker and a stock clerk. She filed an application for Title II benefits in March 2003 and eventually amended her alleged onset date from the date of her birth to March 10, 2002 (the date she last worked). Plaintiff's insured status under Title II expired on March 31, 2002, so to obtain benefits she had to demonstrate she was disabled prior to that date. Plaintiff alleged she was disabled due to a combination of hearing loss, back pain, migraines and depression. On appeal, Plaintiff has focused primarily upon the ALJ's determination regarding depression, which the ALJ concluded did not constitute a severe impairment. Plaintiff also raises arguments regarding the ALJ's discussion of her migraine headaches.

Prior to her onset date, Plaintiff had been prescribed various anti-depressants by her family physician. R. at 673-75. Nonetheless, Plaintiff retained the ability to perform work as evidenced by the fact that she was employed. Plaintiff first saw a mental health professional in May 2003 – more than a year after her insured status expired. She reported that she was always "moody, but since December of 2002 her mood seems to be more depressed." R. at 814. She also reported certain "stressors" in her life, all of which arose after March 2002. Plaintiff reported she had been using marijuana until February 2003 as a means of self-medicating her depression. R. at 815.

Plaintiff also reported a history of migraine headaches, commencing at least as early as July 1999. She was treated with various medication and in January 2002 it was reported that treatment with Depakote had reduced her episodes to once per month. An EEG performed in March 2002 revealed no anomalies.

The ALJ concluded Plaintiff's depression was "non-severe." He also found Plaintiff's work history was sporadic, that she did not leave any of her previous jobs due to her physical or mental condition, that none of her medical records suggested any limitations on her functional capacity, and her daily activities were inconsistent with the debilitating condition she alleged. The ALJ also noted Plaintiff had worked during the time she was allegedly affected by the same conditions she now claims are disabling. He ultimately held Plaintiff retained the residual functional capacity to return to her past relevant work.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this

standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

A condition is considered non-severe if it does not significantly limit basic work activity. Brown v. Bowen, 827 F.2d 311, 312 (8th Cir. 1987). Plaintiff has demonstrated that she was treated for depression during the relevant three-week period; however, nothing in the record suggests her depression limited her functional capacity during that time. The fact Plaintiff worked while depressed, combined with the fact that Plaintiff did not leave her prior jobs because of depression, strongly suggests there were no limitations. Limitations may have developed later, but not until after Plaintiff's insured status expired. Similarly, Plaintiff was able to work notwithstanding her migraine headaches; consequently, the ALJ's decision that Plaintiff was not disabled is supported by substantial evidence in the record as a whole.

Plaintiff also faults the ALJ for failing to obtain additional testing, but the Court does not see why this action was legally required in light of the narrow time frame in question. To be eligible for benefits, Plaintiff had to demonstrate she was disabled between her alleged onset date and the expiration of her insured status. Additional testing at this juncture would not add to the information already available about Plaintiff's condition in March 2002, nor would it counter the conclusions to be drawn from the fact that Plaintiff worked prior to her alleged onset date and there is no indication her medical or mental condition changed on March 10, 2002.

### III. CONCLUSION

Plaintiff may have suffered from depression and migraines for extended periods throughout her life. However, the record is devoid of any indication these conditions

limited her ability to work prior to the expiration of her insured status.  To the contrary, Plaintiff engaged in work while suffering from these maladies, which supports the Commissioner's ultimate finding that she was not disabled.  The Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

DATE: June 1, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT